[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SET ASIDE VERDICT
In this medical malpractice case, the defendant has moved to set aside the general verdict returned by the jury and to have judgment entered in its favor. In support of this motion, the defendant contends that the evidence presented at trial is insufficient to establish the requisite standard of care, the breach of that standard and that such breach caused the plaintiff's injuries. Further, the defendant claims that the court erred by refusing to grant its Motion in Limine to exclude testimony of plaintiff's expert, Dr. H. Schulman, regarding the breach of the standard of care without supporting facts and by allowing hearsay testimony concerning the source of his opinions.
From a review of the parties memoranda, the testimony of Drs. Schulman and Vodra and the arguments of counsel, the court is of the opinion that defendant's motion should be granted for the following reason. In order to establish the essential element of causation Dr. Schulman was asked, during direct examination, questions as to whether or not there was a causal relationship between high pelvic instrumental delivery and shoulder dystoreia, a hotly contested issue in this case. In several of his responses to questions regarding the relationship, he used the pronoun "we". After stating "we" know that there is a relationship between the two, the court attempted to determine his point of reference by asking him what he was referring to when he said "we — know these things." In response, Dr. Schulman indicated that he was referring to peer reviewed medical literature. Defense counsel objected and moved to strike the answer, its objection was overruled and its motion denied. However, upon review, the court believes that defendant's objection should have been sustained and its motion to strike granted because Dr. Schulman's statement indicating his reliance upon unidentified medical literature to base his opinion as to causation was a reference to unreliable hearsay. Further, and adding to the gravity of this problem is the fact that this was the only evidence supporting plaintiff's theory of causation, a crucial element in her case. Mather v. Griffin Hospital,207 Conn. 125, 130.
Immediately following Dr. Schulman's disclosure, plaintiff, in argument seeking to have the court overrule defendant's objection, attempted to relate Dr. Schulman's statement to certain medical literature that was in evidence, however, a review of his testimony clearly indicates to the contrary. CT Page 1114
While absent this error, the evidence viewed in the light most favorable to the plaintiff may have supported the jury's general verdict for her, the admission of unreliable hearsay as discussed above compels the court to grant defendant's motion to set aside and to enter judgment for the defendant.
So ordered,
THOMAS G. WEST, J.